TUCKER ELLIS LLP
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Plaintiff TACORI ENTERPRISES

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TACORI ENTERPRISES,

Plaintiff,

v.

DARAKJIAN JEWELERS, INC.,

Defendants.

Case No. 2:17-cv-2421

**COMPLAINT FOR BREACH OF CONTRACT; TRADEMARK INFRINGEMENT; AND UNFAIR COMPETITION AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Tucker Ellis, LLP, files its complaint against Darakjian Jewelers, Inc. ("Defendant") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b)(3) because Defendant has consented to the personal jurisdiction of this Court pursuant to paragraph 10 of the Settlement Agreement and Mutual Release entered into between Tacori and Defendant.

**Parties and Personal Jurisdiction**

4. Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5. Tacori is informed and believes, and on that basis alleges, that Defendant Darakjian Jewelers has its principal place of business at 101 Willits, Birmingham, Michigan 48009.

6. This Court has personal jurisdiction over Defendant because Defendant has consented to the personal jurisdiction of this Court pursuant to paragraph 10 of the Settlement Agreement and Mutual Release entered into between Tacori and Defendant.

**The Business of Plaintiff Tacori Enterprises**

7. For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry. Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

8. Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry"). Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

9. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry. Each piece of the Tacori Crescent Jewelry is an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

10. Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

11. Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

12. Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

13. Tacori owns United States Trademark Registration No. 3,071,071 for its word mark TACORI which it uses in connection with all jewelry items. Tacori first used the TACORI mark in 1989. The TACORI mark is now incontestable pursuant to 15 U.S.C. §1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit A.

14. Tacori also owns United States Trademark Registration No. 3,315,049 for its word mark TACORI and design which it uses in connection with all jewelry items, including rings, bracelets, earrings and wedding bands. Tacori first used the TACORI mark and design in 1990. The TACORI mark and design is now incontestable pursuant to 15 U.S.C. §1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit B.

15. Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Crescent Trade Dress." The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other. A space is created between the contiguous semi-circles or arcs." Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

16. Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Reverse Crescent Trade Dress." The Tacori Reverse Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as: ". . . the appearance of two generally concentric ring portions, with one ring portion having a larger diameter than the other ring portion. Located between the two generally concentric ring portions are at least two semicircular, arched, or crescent-shaped openings that appear to be adjacent to each other and are oriented with their apexes closer to the larger diameter ring portion. Located between each semicircular, arched, or crescent-shaped opening is a stone." Tacori owns a United States trademark registration for the Tacori Reverse Crescent Trade Dress, Registration 4,024,320. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit D.

17. Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Signature Crescent Trade Dress." The Tacori Signature Crescent Trade Dress, as it applies to rings and some pieces of jewelry, consists of the appearance of two generally concentric ring portions, with one ring portion having a larger diameter than the other ring portion. Located between the two generally concentric ring portions and at the lower half of the two generally concentric ring portions is at least one semicircular, arched, or crescent-shaped opening. Contiguous to the one semicircular, arched or crescent-shaped opening is an open space. Pictures of the Tacori Signature Crescent Trade Dress are attached to this Complaint as Exhibit E.

18. The TACORI marks and design, Tacori Crescent Trade Dress, Tacori Reverse Crescent Trade Dress and Tacori Signature Crescent Trade Dress (collectively, the "Tacori Trademarks") are valid and enforceable. Each of the Tacori Trademarks is widely known and recognized among jewelers and consumers throughout the United States.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

19. Each of the Tacori Trademarks is unique and distinctive and, as such, designate a single source of origin.

20. As a result of Tacori's extensive and exclusive use, each of the Tacori Trademarks has developed extensive good will in the market and is extremely valuable to Tacori. Tacori expends substantial effort and expense to protect the Tacori Trademarks and their distinctiveness in the marketplace.

21. Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its Tacori Crescent Jewelry under the Tacori Trademarks.

22. Tacori advertises its Tacori Crescent Jewelry and the Tacori Trademarks in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W. Furthermore, Tacori also advertises its products in trade publications and over the World Wide Web through its website www.tacori.com.

23. The Tacori Crescent Jewelry and the Tacori Trademarks have had outstanding commercial success. As a result, jewelers and the public recognize the Tacori Trademarks as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

24. The Tacori Crescent Jewelry has been sold to authorized retail stores throughout the United States. These authorized retail stores display and offer for sale the Tacori Crescent Jewelry to the general public and are licensed to display and use the Tacori Trademarks.

**The Business of Defendant Darakjian Jewelers, Inc.**

25. Tacori is informed and believes that Defendant is a retailer of jewelry to the jewelry industry and is in the business of marketing and selling jewelry.

26. Defendant sells or has sold jewelry under the trade name Darakjian Jewelers in Michigan.

27. From February 2014 to July 31, 2016, Defendant was an authorized retailer of Tacori.

28. As an authorized retailer, Defendant was provided by Tacori certain displays, showcases and showroom furnishing (collectively, "Tacori Display") to be used by Defendant to sell Tacori Crescent Jewelry.

29. As an authorized retailer, Tacori granted Defendant a non-exclusive, royalty-free license to use the Tacori Trademarks in connection with the sale and promotion of Tacori Crescent Jewelry.

30. The Tacori Display used by Defendant as an authorized retailer, which includes the TACORI MARK with blue glass, and three copyrighted pictures advertising Tacori Crescent Jewelry and some of the Tacori Trademarks, is displayed below:



TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco




TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**Defendant's Wrongful Conduct**

31. Tacori is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Tacori's jewelry business and the authorized retailers of Tacori.

32. Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori's authorized retailers.

33. Defendant is no longer an authorized retailer of Tacori and is no longer licensed to use or display the Tacori Trademarks in connection with the marketing, advertising and sale of jewelry.

34. In May 2016, Tacori and Defendant entered into a Settlement Agreement And Mutual Release (the "2016 Settlement Agreement") memorializing the fact that Defendant was no longer an authorized retailer of Tacori. A copy of the 2016 Settlement Agreement is attached to this Complaint as Exhibit F.

35. As part of 2016 Settlement Agreement, Defendant agreed that it would cease using the Tacori Display, as well as the Tacori's copyrights and the Tacori Trademarks in selling jewelry. In fact, Defendant specifically agreed to remove the TACORI MARK and the blue glass containing the TACORI MARK from its jewelry display

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

36. Defendant also agreed that the prevailing party in an action to enforce the terms of the 2016 Settlement Agreement would be entitled to attorney's fees, expenses and costs.

37. Despite the terms of the 2016 Settlement Agreement, Defendant continues to display the TACORI MARK, as well as the blue glass containing the TACORI MARK, at its jewelry display. Defendant also continues to display some of the Tacori Trademarks, as well as the copyrighted Tacori advertisements, at its store to sell jewelry.




38. In violation of federal and state trademark law, and in breach of the 2016 Settlement Agreement, Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry by using the Tacori Trademarks without permission.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**First Cause of Action**

(Breach of Contract)

39. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth.

40. In 2016, Tacori and Defendant entered into a Settlement Agreement.

41. Tacori has fulfilled all obligations and taken all actions required of it pursuant to the terms of the 2016 Settlement Agreement.

42. Pursuant to the 2016 Settlement Agreement, Defendant agreed to stop using the Tacori Trademarks and the copyrighted Tacori advertisements to sell or offer to sell Tacori Crescent Jewelry.

43. Defendant has breached the terms of the 2016 Settlement Agreement by using the Tacori Trademarks and the copyrighted Tacori advertisements to sell or offer to sell Tacori Crescent Jewelry.

44. As a result of Defendant's breach of the 2016 Settlement Agreement, Tacori has been damaged.

45. As a result of Defendant's breach of the 2016 Settlement Agreement, Tacori is entitled to its attorney's fees, expenses and costs.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

46. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 45 of this Complaint as though fully set forth here.

47. Defendant's use in commerce of the Tacori Trademarks is likely to cause confusion, mistake, or to deceive.

48. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

49. Defendant has unfairly profited from the trademark infringement alleged.

50. By reason of Defendant's acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the Tacori Trademarks .

51. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

52. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

53. By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

54. By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

55. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Third Cause of Action**

(Trade Dress Infringement and False Designation of Origin
Under 15 U.S.C. § 1125(a))

56. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 55 of this Complaint as though fully set forth.

57. Defendant's use in commerce of the Tacori Trademarks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

58. The above-described acts of Defendant constitute trade dress infringement of the Tacori Trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

59. Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

60. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

61. By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Trademarks.

62. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Trademarks.

63. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

64. By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

65. Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

66. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Fourth Cause of Action**

(Violation of California Unfair Competition Law)

67. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 66 of this Complaint as though fully set forth.

68. Tacori is informed and believes that Defendant is in direct competition with Tacori.

69. Defendant has infringed Tacori's trademark rights and sold products in violation of Tacori's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

70. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

71. Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

72. Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

## Prayer for Relief

**Therefore**, Tacori respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has:
   (a) infringed the Tacori Trademarks in violation of 15 U.S.C. § 1125;
   (b) infringed the Tacori Trademarks in violation of 15 U.S.C. § 1114;
   (c) competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200; and
   (d) breached the 2016 Settlement Agreement with Tacori.
2. That each of the above acts were willful.
3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants,

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

(a) selling, advertising, distributing, or otherwise marketing of any jewelry using the Tacori Trademarks or the copyrighted Tacori advertisements; and,

(c) engaging in any other activity constituting an infringement of the Tacori Trademarks or Tacori's copyrights.

4. That Tacori be awarded damages for Defendant's trademark infringement, and unfair competition.

5. That Tacori be awarded Defendant's profits resulting from its infringement of the Tacori Trademarks.

6. That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Tacori be awarded all profits and property acquired by means of Defendant's unfair competition with Tacori.

9. That Tacori be awarded damages for Defendant's breach of the 2016 Settlement Agreement.

10. That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

11. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from duplicating, disseminating, distributing, advertising, marketing or using the Tacori Trademarks or the copyrighted Tacori advertisements.

12. That the Court award Tacori its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable provision of law.

13. That the Court award Tacori its actual attorney's fees, expenses and costs resulting from Tacori's enforcement of the terms of the 2016 Settlement Agreement.

14. That the Court award Tacori its costs of suit incurred herein.

15. That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: March 29, 2017

Tucker Ellis LLP

By: /s/Howard A. Kroll
Howard A Kroll
Attorneys for Plaintiff
TACORI ENTERPRISES

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## DEMAND FOR TRIAL BY JURY

Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

DATED: March 29, 2017 Tucker Ellis LLP

By: /s/Howard A. Kroll
Howard A Kroll
Attorneys for Plaintiff
TACORI ENTERPRISES